UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DANIEL RICHARD BUCZEK and
DEBORAH ANN BUCZEK,

                          Plaintiffs,

v.                                     **DECISION AND ORDER**
                                                16-CV-847S

DAVID M. GIGLIO, ET AL.,

                          Defendants.

## I. INTRODUCTION

Presently before this Court is a Notice of Removal and Motion for Leave to Proceed *In Forma Pauperis* filed by *pro se* Plaintiffs Daniel Richard Buczek and Deborah Ann Buczek. (Docket Nos. 1 and 2.) Because the Buczeks meet the statutory requirements of 28 U.S.C. § 1915(a), their request to proceed *in forma pauperis* will be granted.[1] The granting of this status triggers the screening provisions in 28 U.S.C. § 1915 (e)(2)(B).

Also before this Court are three motions filed by Defendants: a Motion for Sanctions; a Motion to Dismiss; and a Motion to Remand. (Docket Nos. 3, 4, 5.) Because this Court finds no basis for the Buczeks' removal of this action, Defendants' Motion to Remand will be granted, and this case will be returned to the New York State Supreme Court, County of Erie, the forum from which it was improperly removed. Defendants remaining two motions will be denied.

---

[1]The affirmation in support of the Buczeks' Motion to Proceed *In Forma Pauperis* was signed by only Deborah Buczek. Therein, she attests that neither she nor Daniel Buczek are employed or derive substantial income from any source. In light of that representation, and in the interests of judicial expediency since this case will be remanded, *in forma pauperis* status is granted as to both plaintiffs.

1

## II. BACKGROUND

On September 29, 2016, Defendant David M. Giglio, an attorney, filed a civil action in state court against the Buczeks on behalf of Defendants Rashawn Bell, Alexis McCullen, and Bernice Bell. (Affirmation of David M. Giglio ("Giglio Affirm."), Docket No. 5, ¶ 3.) The state suit asserts claims and seeks damages under New York law against the Buczeks for injuries suffered as a result of exposure to lead paint while Defendants Rashawn Bell and Alexis McCullen, while children, lived at or visited property owned by the Buczeks. (Giglio Affirm., ¶ 5.) No federal claims are asserted in the state action.

On October 24, 2016, the Buczeks removed the state action to this Court by filing a Notice of Removal. (Docket No. 1.) The Notice of Removal is premised on the existence of federal-question jurisdiction under 28 U.S.C. § 1331. Specifically, the Buczeks allege that this case implicates a claim under the False Claims Act ("FCA"), 31 U.S.C. § 3729, et seq.

On November 17, 2016, Defendants filed the three motions identified above, seeking sanctions, dismissal, and remand. (Docket Nos. 3, 4, 5.)

## III. DISCUSSION

Cognizant of the distinct disadvantage that *pro se* litigants face, federal courts routinely read their submissions liberally and interpret them to raise the strongest arguments that they suggest. See Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652 (1972); Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994). Since the Buczeks are proceeding *pro se*, this Court has considered their submissions and arguments accordingly.

Under 28 U.S.C. § 1915 (e)(2)(B), a court must dismiss a case in which *in forma pauperis* status has been granted if, at any time, the court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. If the court plainly lacks jurisdiction to consider the complaint, dismissal of the complaint as "frivolous" under 28 U.S.C. § 1915 (e)(2) is proper. See McGann v. Comm'r, Soc. Sec. Admin., 96 F.3d 28, 30 (2d Cir. 1996). Here, this Court lacks jurisdiction to consider the complaint because removal jurisdiction is lacking.

A civil action brought in state court may be removed by a defendant to a federal district court of original jurisdiction. 28 U.S.C. § 1441 (a). District courts have original jurisdiction over all civil actions arising under the Constitution, treaties, or laws of the United States, and over all civil actions between citizens of different states, if the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332(a)(1).

To effectuate removal, a notice of removal must be filed "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." 28 U.S.C. § 1446 (b). This 30-day filing period, "while not jurisdictional, is mandatory and failure to comply with it will defeat a defendant's removal petition." Nicola Prods. Corp. v. Showart Kitchens, Inc., 682 F. Supp. 171, 172 (E.D.N.Y. 1988). And "absent waiver or estoppel, the thirty day period cannot be extended by court order, stipulation of the parties, or otherwise." Id. at 173. In addition, when, as here, a civil action is removed under 28 U.S.C. § 1441 (a), "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446 (2)(a). Remand

of a removed action is required "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447 (c).

Out of respect for states' rights and in keeping with the limited jurisdiction of federal courts, removal jurisdiction is "strictly construed," with all doubts resolved against removal. Syngenta Crop Prot., Inc. v. Henson, 537 U.S. 28, 32, 123 S. Ct. 366, 154 L. Ed. 2d 368 (2002); In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig., 488 F.3d 112, 124 (2d Cir. 2007). The removing party bears the burden of establishing proper jurisdiction. United Food & Commercial Workers Union v. Centermark Props. Meriden Square, Inc., 30 F.3d 298, 301 (2d Cir. 1994).

In the absence of diversity jurisdiction, such as in this case, "the propriety of removal turns on whether the case falls within the original 'federal question' jurisdiction of the United States district courts." Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 8, 103 S. Ct. 2841, 77 L. Ed. 2d 420 (1983). District courts have original jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Thus, a civil action filed in state court may be removed to a federal court if it asserts claims "arising under" federal law. See 28 U.S.C. § 1441(b).

A claim arises under federal law if "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Franchise Tax, 463 U.S. at 27-28; Empire Healthchoice Assurance, Inc. v. McVeigh, 547 U.S. 677, 126 S. Ct. 2121, 165 L. Ed. 2d 131 (2006) (reiterating Franchise Tax standard). Importantly, it is the plaintiff's complaint that determines whether the case arises under

4

federal law: "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392, 107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987); Franchise Tax, 463 U.S. at 10; Taylor v. Anderson, 234 U.S. 74, 75-76, 34 S. Ct. 724, 58 L. Ed. 1218 (1914). "[A] right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." Gully v. First Nat'l Bank, 299 U.S. 109, 112, 57 S. Ct. 96, 97, 81 L. Ed. 70 (1936). This preserves the plaintiff's role as "master of the complaint, free to avoid federal jurisdiction by pleading only state claims even where a federal claim is also available." Marcus v. AT&T Corp., 138 F.3d 46, 52 (2d Cir. 1998).

Consequently, the existence or assertion of a federal defense does not give rise to federal-question jurisdiction. See Aetna Health Inc. v. Davila, 542 U.S. 200, 207, 124 S. Ct. 2488, 159 L. Ed. 2d 312 (2004); City of Rome, N.Y. v. Verizon Commc'ns Inc., 362 F.3d 168, 175 (2d Cir. 2004). "[A] defense that relies on the preclusive effect of a prior federal judgment, or the pre-emptive effect of a federal statute, will not provide a basis for removal." Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6, 123 S. Ct. 2058, 156 L. Ed. 2d 1 (2003) (citations omitted). Moreover, "the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." Merrell Dow Pharm. Inc. v. Thompson, 478 U.S. 804, 813, 106 S. Ct. 3229, 92 L. Ed. 2d 650 (1986). A case is therefore generally not removable unless the complaint itself affirmatively alleges a federal claim. Beneficial Nat'l Bank, 539 U.S. at 6.

Here, although the Buczeks' Notice of Removal is timely, it is abundantly clear that there is no basis for removal jurisdiction. The state court negligence action against the Buczeks does not implicate any federal questions. The FCA, which the Buczeks cite as the basis for federal-question jurisdiction, applies to false or fraudulent claims submitted to the federal government for payment. See Mikes v. Straus, 274 F.3d 687, 695 (2d Cir. 2001). It has no application in this suit whatsoever.[2] Consequently, because there is no federal question, remand is required.

Because remand is required, Defendants' Motion to Dismiss for failure to state a claim will be denied as moot. Defendants' Motion for Sanctions under Rule 11 of the Federal Rules of Civil procedure will also be denied as a matter of discretion, though the Buczeks are warned that further frivolous removals or frivolous filings of civil actions may result in the imposition of sanctions against them. See, e.g., Fed. R. Civ. P. 11 (c) (permitting the imposition of sanctions against *pro se* litigants); 28 U.S.C. § 1447 (c) ("An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.")

### IV. CONCLUSION

As explained above, there is no basis for the Buczeks' removal of this action and therefore no proper removal jurisdiction. Remand of this case to the New York State Supreme Court, County of Erie, is therefore required.

---

[2] The Buczeks appear to assert that Giglio violated the False Claims Act by filing the suit against them in state court with "no firsthand knowledge" and relying on "forged documents in courts and public records." (Notice of Removal, Docket No. 1, p. 3.) These accusations, unsupported by any factual assertions, have nothing to do with the False Claims Act nor do they give rise to removal jurisdiction premised on a federal question.

6

## V. ORDERS

IT HEREBY IS ORDERED, that Plaintiffs' Motion to Proceed *In Forma Pauperis* (Docket No. 2) is GRANTED.

FURTHER, that Defendants' Motion for Sanctions (Docket No. 3) is DENIED.

FURTHER, that Defendants' Motion to Dismiss (Docket No. 4) is DENIED AS MOOT.

FURTHER, that Defendants' Motion to Remand (Docket No. 5) is GRANTED.

FURTHER, that the Clerk of Court is directed to TRANSFER this case to the New York State Supreme Court, County of Erie, and then CLOSE this case.

FURTHER, that this Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) and Rule 24 (a)(3) of the Federal Rules of Appellate Procedure, that any appeal from this Decision and Order would not be taken in good faith and therefore leave to appeal as a poor person is DENIED. See Coppedge v. United States, 369 U.S. 438, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

SO ORDERED.


Dated:    May 14, 2017
          Buffalo, New York

                                             /s/William M. Skretny
                                             WILLIAM M. SKRETNY
                                             United States District Judge